JOHN L. MELCHER et al., Executors, etc., Respondents, *v.* LUCY D. FISK, Executrix, etc., Appellant.

(Argued November 6, 1876; decided December 19, 1876.)

A CLAIM was presented by plaintiffs as executors of the estate of Paran Stevens against the estate of defendant's testator for repairs and improvements alleged to have been made by Mr. Stevens in rooms leased by him to the city as an armory for the Ninth regiment, payment for which was guaranteed by Fisk. Among other items was one of $2,500 for laying a new floor in the armory. The armory consisted of the third and fourth floors of buildings covering eight lots. Originally the buildings covered four lots. Mr. Stevens built on the adjoining four lots, and the improvements were in extending the armory so as to occupy the third and fourth floors of both buildings and putting down a new floor in the armory. The only question discussed in the opinion was as to whether the estate of Mr. Fisk was liable for the entire floor of the armory as enlarged, or only for the laying the floor

in the old building. This depended upon the construction to be given to a letter of Mr. Fisk to Mr. Stevens containing the following:

"I am informed by Mr. Hitchcock that it was not your intention to make the floor all of the same material, but that if you are guaranteed the amount necessary to lay the floor on the portion of building known as the 'old building' you will proceed at once with its completion. If you will complete the entire floor of new material, as proposed by Major Hitchcock and the armory committee, I will guarantee that the amount, say $2,500, will be remunerated to you."

*Held*, that this was a guaranty simply of the amount necessary to lay the floor in the old building, not of the entire floor; that the fact that the amount specified ($2,500) proved to be sufficient to lay the entire floor did not affect the construction to be given the letter, as it was a mere estimate, made before the work was done, indicating the limit of the writer's liability.

*Homer A. Nelson* for the appellant.

*John E. Parsons* for the respondents.

RAPALLO, J., reads for reversal and new trial unless plaintiff stipulate to reduce recovery $1,250 and interest thereon included in judgment, and, if plaintiffs so stipulate, judgment as so reduced affirmed.

All concur.

Judgment accordingly.